UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RYECO, LLC; LANCASTER FOODS, LLC; and    :
CLASS PRODUCE GROUP, LLC,    :
            Plaintiffs,    :
   :
        v.    :    No. 5:23-cv-3380
   :
HURST PRODUCE & FLOWERS CORP.; and    :
MATILDE BAEZ,    :
            Defendants.    :

_____

**O P I N I O N**
**Plaintiffs' Emergency Motion for *Ex Parte* Restraining Order, ECF Nos. 7-8 - Granted**

**Joseph F. Leeson, Jr.**                                     **September 8, 2023**
**United States District Judge**

## I.      INTRODUCTION

The above-captioned action is brought by the sellers of produce to enforce the statutory

trust established by Section 5(c) of the Perishable Agriculture Commodities Act, 7 U.S.C. §

499e(c) ("PACA"). Before the court is Plaintiffs Ryeco, LLC, Lancaster Foods, LLC, and Class

Produce Group, LLCs' Emergency Motion for *Ex Parte* Restraining Order filed on August 31,

2023. The motion seeks entry of a temporary restraining order ("TRO") to enjoin the transfer of

any and all assets of Defendant Hurst Produce & Flowers Corp. up to the amount Hurst owes

Plaintiffs for the unpaid produce it supplied. For the reasons set forth below, the motion is

granted.

## II.      BACKGROUND

Plaintiffs aver the following as the factual basis of the motion. Plaintiffs are three limited

liability companies engaged in the business of selling wholesale quantities of perishable

agricultural commodities ("produce") and are licensed as such under PACA.  Dec. Colace ¶ 3, ECF. No. 8; Dec. Roote ¶ 3, ECF. No. 8; Dec. Cassady ¶ 3, ECF. No. 8.  Defendant Hurst Produce & Flowers Corp. is a corporation engaged in the business of buying such produce and is subject to PACA.  Dec. Colace ¶¶ 9, 10; Dec. Roote ¶¶ 8, 9; Dec. Cassady ¶¶ 8, 9.  Defendant Baez is the owner of Hurst.  Compl. ¶ 4, ECF. No 1; Dec. Colace ¶ 13.  From September of 2022 until April of 2023, each Plaintiff sold in excess of 2,000 pounds of produce to Hurst for which $105,949.85 remains outstanding on the balance.  Compl. ¶¶ 6, 7; Dec. Colace ¶¶ 9, 10; Dec. Roote ¶¶ 8, 9; Dec. Cassady ¶¶ 8, 9.  The invoices for each sale contain the statutory language required to preserve Plaintiffs' interest in the PACA Trust.  Dec. Colace ¶ 12; Dec. Roote ¶ 11; Dec. Cassady ¶ 11.  On May 12, 2023, Selina Baez, the primary point of contact between Hurst and Ryeco, informed Ryeco's Vice President of Operations that Hurst was attempting to secure a loan but no further information on the status of the loan has since been relayed to Ryeco.  Dec. Colace ¶ 13.  On May 12, 2023, Defendant Hurst tendered a check to Plaintiff Class Produce Group which was returned for insufficient funds.  Roote Dec. ¶ 12.  On May 25, 2023, Selina Baez represented that the account from which the check had been written was now fixed.  *Id*. Nevertheless, a second attempt to deposit the check resulted in a return for insufficient funds.  *Id*. The check has not been replaced.  *Id*.  Likewise, Selina Baez has untruthfully represented to Plaintiff Lancaster Food Group that payment for produce would be forthcoming.  Cassady Dec. ¶ 12.

III.     LEGAL STANDARDS

    A.     **PACA – Review of Applicable Law**

Generally, PACA was enacted to protect farmers against unfair or irresponsible trade practices on the part of buyers.  *Idahoan Fresh v. Advantage Produce, Inc*., 157 F.3d 197, 199

(3d Cir. 1998). To that end, PACA establishes a statutory trust whereby "a buyer's produce, products derived from that produce, and the proceeds gained therefrom are held in a non-segregated, floating trust for the benefit of unpaid suppliers who have met the applicable statutory requirements." *Id.*

**B.      Temporary Restraining Order – Review of Applicable Law**

A party seeking a Temporary Restraining Order must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp*., 369 F.3d 700, 708 (3d Cir. 2004); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). "In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury" and "it must be so peculiar in nature that money cannot compensate for the harm." *Bieros*, 857 F. Supp. at 446. "A Temporary Restraining Order is an extraordinary form of relief, designed to temporarily maintain the status quo while the parties prepare to litigate the issues on a motion for a preliminary injunction." *Lehigh Valley Cmty. Mental Health Ctrs., Inc. v. Pa. Dep't of Human Servs*., No. 15-4315, 2015 U.S. Dist. LEXIS 144717, at *5 (E.D. Pa. Oct. 26, 2015). *See also Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) ("Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'").

A TRO may not exceed 14 days "unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. P. 65(b)(2). When a plaintiff has not provided notice of its application to defendant, as is the case here, Federal Rule of Civil Procedure 65(b)(1) permits the issuance of a TRO only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required."  Fed. R. Civ. P. 65(d)(1).  Moreover, Rule 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

## IV.    ANALYSIS

In *Tanimura & Antle*, the Third Circuit held that PACA permits private injunctive relief, of the sort sought in the instant matter, when "it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer."  *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000).

Turning to the test for a TRO, the Court finds that Plaintiffs are likely to succeed on the merits.  At the outset, the Court finds that Plaintiffs are within the ambit of PACA.  Plaintiffs and Defendant Hurst are licensed dealers under PACA.  Further, Plaintiffs gave proper notice of their intent to preserve their rights as beneficiaries to the trust by using their "ordinary . . . invoice statements to provide notice of" their intent to preserve the trust.  7 U.S.C. § 499e(c)(4).  There also appears to be no dispute that the $105,949.85 is unpaid and owed to Plaintiffs.  Accordingly, Plaintiffs have satisfied the first element.  *See Tanimura & Antle, Inc.*, 222 F.3d at 140 (finding a likelihood of success on the merits where the plaintiffs had "demonstrated their entitlement to

payment and their status as trust beneficiaries with perfected rights"); *see also Fresh Direct, Inc. v. Harvin Foods, Inc*., No. CIV.A. 10-040-GMS, 2010 WL 2541925, at *2 (D. Del. June 22, 2010).

Regarding irreparable harm, the court in *Tanimura & Antle,* reasoned that "once the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." *Tanimura & Antle, Inc*., 222 F.3d at 139.  Thus, "trust dissipation can satisfy this factor if, absent such relief, ultimate recovery is rendered unlikely."  *Id*. at 141.  The likelihood of recovery is shaped by the twin considerations of "dissipation of trust assets *and* the general financial instability." *Id*. at 139 (emphasis in original).  "'Dissipation' means any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions."  7 C.F.R. § 46.46(a)(2) (2018).  General financial instability may be evidenced by the defendant's representations or the mere bouncing of checks.  *See Frank M. Gargiulo & Son, Inc. v. Acai Cafe LLC*, No. 1:23-CV-04018, 2023 WL 4933187 at *2 (D.N.J. Aug. 2, 2023) (holding that bounced checks and a representation that no further payments were forthcoming was sufficient to demonstrate irreparable injury); *see also Circus Fruits Wholesale Corp. v. Farmer Joen Produce Corp*., No. CV 17-1812, 2017 WL 1397950 at *3 (D.N.J. Apr. 18, 2017) (finding irreparable harm satisfied where three checks were returned for insufficient funds).

Here, Plaintiffs have met their burden in showing they will be irreparably harmed if the TRO is denied.  Defendant Hurst has tendered two checks which were returned for insufficient funds.  Despite repeated promises, Defendant has failed to pay Plaintiffs the amount owed.  Further, Hurst's representatives informed Ryeco's Vice President of Operations that it was working on securing a loan.  All of this tends to show there is a likelihood Defendant Hurst is

financially unstable and the trust assets are being dissipated.  *See Fresh Direct, Inc. v. Harvin Foods, Inc.,* No. CIV.A. 10-040-GMS, 2010 WL 2541925 at \*4 (D. Del. June 22, 2010) (finding irreparable harm satisfied where the defendant failed to pay in violation of PACA and where the plaintiffs produced evidence of the defendant's decline in credit rating.)

Further, granting this preliminary relief will not result in a greater harm to Defendants than to Plaintiffs as Defendants "have no right to use the PACA Trust funds for any purpose other than to pay Plaintiff for the produce it received.  To that end, the entry of temporary restraints serves that purpose without harm to any cognizable interest of the Defendants." *S. Katzman Produce, Inc. v. Depiero's Farm, Inc.*, No. CIV.A. 12-1384 ES, 2012 WL 764235 at \*1 (D.N.J. Mar. 7, 2012).

As to the final element, the Court finds that a TRO is in the public interest as a failure to make payment for perishable agricultural commodities is the exact wrong PACA's statutory trust is meant to right.  *See* 7 U.S.C. § 499e(c)(1).

Regarding the other dictates of Rule 65, the court finds that no bond shall be required as Defendants presently have $105,949.85 worth of trust assets belonging to Plaintiffs.  *See Edward G. Rahll & Sons, Inc. v. Zach*, No. CIV.A. 1:08-CV-1384, 2008 WL 2944672, at \*1 (M.D. Pa. July 28, 2008).  Lastly, Plaintiffs have satisfied the additional requirement for a TRO without notice.  Generally, they argue, and the Court agrees, that advising Defendants of the pendency of this motion will further enable dissipation of the trust by permitting Defendants to pay non-trust debts with the monies.  Given the courts analysis *supra* that Plaintiffs are likely to suffer irreparable harm in the absence of a TRO, the Court agrees.

## V.       CONCLUSION

Because the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits, that they will suffer irreparable harm if the TRO is denied, that granting preliminary relief will not result in even greater harm to Defendants, and that the public interest favors such relief, the Court grants Plaintiffs' request.

A separate Order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr._____
JOSEPH F. LEESON, JR.
United States District Judge